UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEAN A. SMITH SCHOFIELD,**

    **Plaintiff,**

v.                                                       **Case No: 5:14-cv-674-Oc-18PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

**I.   BACKGROUND**

On September 23, 2011, Plaintiff filed an application for DIB benefits, alleging disability beginning July 13, 2011. (Tr. 11, 162-63). The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on April 10, 2013, where both the Plaintiff and an impartial vocational expert testified. On May 17, 2013, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 11-25). Plaintiff's request for review was denied by the Appeals Council (Tr. 1), and Plaintiff initiated this

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

action on December 10, 2014. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

On the alleged disability date, Plaintiff was forty-five (45) years old. (Tr. 24). Plaintiff has a high school education and prior work experience as a restaurant assistant manager, customer service representative, and bank teller. (Tr. 38). Plaintiff alleged that she was unable to work due to optic neuritis, depression, anxiety, light sensitivity, headaches, shortness of breath, and memory problems. (Tr. 40).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: hypertension, affective disorder/mood disorder, left optic neuropathy, anxiety, headaches, and obesity. (Tr. 13).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of light work. (Tr. 18). Specifically, the ALJ found that Plaintiff can lift 20 pounds occasionally and 10 pounds frequently. She can stand/walk and sit for 6 hours in an 8-hour workday. The claimant can never climb ladders, ropes or scaffolds. The claimant has a limited field of vision in her left eye, this will occasionally limit her field of vision. The claimant has occasional limitations in depth perception in her left eye and should not work in sunlight and may need to wear glasses in bright light. The claimant should avoid concentrated exposure to extreme temperatures and workplace hazards such as moving machinery and heights. She can perform tasks that can be learned in 30 days or less and should only occasionally work with others.

Based upon her RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as cleaner/housekeeper and sorter of agricultural produce. (Tr. 25). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the light unskilled occupational base, and the vocational expert's testimony

regarding what functions Plaintiff could perform in light of his limitations. (Tr. 24-25). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II.     STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would

have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

#### A. The ALJ considered all of Plaintiff's impairments in combination

Plaintiff argues that the ALJ did not consider all of her impairments in combination, in particular, her cardiovascular condition. It is well established that in making a disability determination, the ALJ must consider the combined effects of all impairments. *Davis v. Shalala,* 985 F.2d 528, 533 (11th Cir.1993); *Swindle v. Sullivan,* 914 F.2d 222, 226 (11th Cir.1990); *Walker v. Bowen,* 826 F.2d 996, 1001 (11th Cir.1987). Where there is more than one impairment, the claimant may be found disabled even though no one impairment considered individually would be disabling. *Walker,* 826 F.2d at 1001. The ALJ must evaluate the combination of the claimant's impairments with respect to the effect they have on the ability to fill the duties of work for which he or she is otherwise capable of performing. *Lucas v. Sullivan,* 918 F.2d 1567, 1574 (11th Cir.1990). I submit that the ALJ considered Plaintiff's impairments in combination, including her cardiovascular condition, and properly determined that the combined impairments did not render Plaintiff disabled.

As an initial matter, the ALJ found that Plaintiff had "severe impairments" and that she did not have "an impairment or a combination of impairments" that met or equaled a listed impairment. (Tr. 13-14). The Eleventh Circuit has held that such findings are sufficient to establish that the ALJ considered the combined effect of the claimant's impairments during her evaluation. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Nonetheless, Plaintiff argues that the ALJ failed to consider the combined effects of all impairments because she did not discuss Dr. Ali Nasser's diagnosis of "nonischemic cardiomyopathy generated congestive heart failure with an ejection fraction of 35 to 40%." Doc. 15 at 5. Plaintiff explains that it "is obvious on the face of ALJ Jones's decision that by failing to include one of plaintiff's severe impairments in the decision, ALJ Jones failed to consider all of plaintiff's impairments in combination." Doc. 15 at 6. However, the mere fact that a physician diagnosed a cardiovascular condition does not mean that the ALJ failed to consider Plaintiff's impairments in combination. The proper focus is not on the diagnosis of an impairment – but on the functional limitations that may result from that impairment. *See Moore v. Barnhart,* 405 F.3d 1208, 1212 n.5 (11th Cir. 2005).

Dr. Nasser examined Plaintiff on July 16, 2007 -- four years before Plaintiff's alleged onset date. Even if relevant, Dr. Nasser's records do not show that Plaintiff's cardiovascular condition was significant or that it caused functional limitations. Dr. Nasser noted that an electrocardiogram revealed that Plaintiff had an ejection fraction of 40% and his final impression was <u>mild</u> left ventricular systolic dysfunction, evidence of abnormal compliance, paradoxic motion of septum due to underlying left bundle branch block, <u>normal size</u> cardiac chambers, and <u>absence of significant</u> valvular disease. (Tr. 264-66). Dr. Nasser opined that Plaintiff's reduced left ventricular systolic function was consistent with mostly non ischemic cardiomyopathy. (Tr. 265). On examination, Plaintiff had a regular heart rate and rhythm without any significant murmur, gallop or rub, and Dr. Nasser simply advised Plaintiff to lose weight and avoid salt. (Tr. 271). In December 2007, Dr. Nasser noted that Plaintiff had "been doing fine, asymptomatic, no symptoms consistent with arrhythmia, heart failure, syncope or stroke." (Tr. 268). Dr. Nasser again advised Plaintiff to lose weight and modify her lifestyle and diet; and directed her to return

in one year. (Tr. 268). In September 2009, Dr. Nasser estimated Plaintiff's left ventricular systolic function was unchanged at 40% and his impression *inter alia* was mild LV systolic dysfunction, mild mitral regurgitation, and absence of pulmonary hypertension. (Tr. 263-64).

Moreover, while the ALJ did not discuss the treatment records from Dr. Nasser, she did discuss records related to Plaintiff's cardiovascular condition from the relevant period – i.e., after the alleged onset date (July 13, 2011) through the date of the ALJ's decision (May 17, 2013). The ALJ noted that in November 2011 and June 2012 Plaintiff denied heart problems to Dr. Hazem Samy. (Tr. 21, 443, 447). The ALJ also noted that Dr. Yamile Vidal reported that on cardiovascular examination Plaintiff had regular rate and rhythm without murmurs, rubs or gallops. (Tr. 22, 385, 387). Dr. Vidal found that Plaintiff's cardiovascular and lung auscultation was within normal limits, and there was no evidence of congestive heart failure with jugular vein distension, fatigue, dyspnea, gallops, or auscultation. The ALJ also considered treatment records from Dr. Tomas Perez, Plaintiff's primary care doctor, which showed a regular heart/borderline tachycardia in January 2012 and no abnormalities during a heart exam in November 2012. (Tr. 21-22, 432, 434).[2] Plaintiff has failed to cite any opinion from a treating or examining physician showing that she has physical limitations due to her cardiovascular condition. Thus, substantial evidence shows that Plaintiff's cardiovascular condition is not significant and did not cause functional limitations.[3]

---

[2] Dr. Perez also examined Plaintiff on numerous other occasions before her alleged onset date and consistently noted normal cardiovascular findings on examination. (October 2007, Tr. 333-34; December 2007, Tr. 331; February 2008, Tr. 329; April 2008, Tr. 327; August 2008, Tr. 324; November 2009, Tr. 318; May 2011, Tr. 314; July 6, 2011, Tr. 312.

[3] Thus, any argument (although not raised) that the ALJ erred at step two by not finding Plaintiff's cardiovascular condition to be severe is likewise without merit. *See* 20 C.F.R. § 404.1521(a) (an impairment or combination of impairments is "severe" if it significantly limits an individual's ability to do basic work activities); *see also, Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (plaintiff bears initial burden of demonstrating her impairments are severe). However, even if the ALJ erred in failing to include Plaintiff's cardiovascular condition as a "severe" impairment, that error would have been harmless. ..

Accordingly, I submit that the ALJ properly evaluated the combined effect of Plaintiff's impairments.

### B. The ALJ properly evaluated Plaintiff's mental impairments

While Plaintiff does not formally identify a second issue on appeal, the last six pages of her memorandum focus on what she calls "egregious cherry picking" by the ALJ of medical evidence related to Plaintiff's mental impairments. Doc. 15 at 6-11. Plaintiff does not argue that this is a basis for reversal; rather, she simply states that if this matter is reversed on the first issue, any remand order should include the direction that the "ALJ not cherry pick or distort the medical facts in the record." Doc. 15 at 11.

A review of the record shows that the ALJ thoroughly discussed the mental health evidence, including: (1) the psychological exam of Dr. Steven L. Weiss (Tr. 15-17, 22-23, 393-95); (2) Dr. Vidal's exam (Tr. 15-16, 22, 385-92); (3) records from the Citrus County Health Department (Tr. 15, 20, 416-29); (4) records from The Centers (Tr. 22, 399-414); and (5) the opinions of state agency psychologists, Dr. Yamir Laboy (Tr. 15-17, 23, 73-74, 76-78) and Dr. Thomas Conger (Tr. 15-17, 23, 88-89, 93-94). The ALJ also discussed evidence related to Plaintiff's activities of daily living, social functioning, and concentration, persistence, and pace. (Tr. 14-17). While the ALJ did not refer to every finding or notation in the medical records, I submit that substantial evidence supports her finding that Plaintiff's mental limitations are not disabling.

---

Because the ALJ found several impairments to be severe and proceeded to step three of the sequential analysis, the ALJ's analysis at step two does not constitute reversible error. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

**IV. RECOMMENDATION**

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g). The **Clerk should be directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on February 12, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties